## Bell *et al.* versus Faber *et al.*

1. The authority of partners, active and silent, is limited to the business of the partnership.

2. It is not the business of a partnership to incur liabilities for the debts of third persons, unless such liabilities are incurred in the course of the necessary transactions of the firm.

3. One partner cannot bind the firm by note for an individual debt, by including in the note a small debt of the firm.

ERROR to the District Court of *Allegheny county.*

Defendants in error were plaintiffs below.

This was an action upon a contract, of which the following is a copy:

"$571.34	PITTSBURGH, Jan. 31, 1850.

On the first day of August next, we promise to pay to F. & W. M. Faber, five hundred and seventy-one dollars, 34-100, payable in good foundry pig metal, at the rate of Pittsburgh six months' market prices, without defalcation, for value received.

J. BELL & Co."

Geo. S. King, Dr. Peter Shoenberger, and John Bell, composed the firm of J. Bell & Co. The two former gentlemen composed the firm of Geo. S. King & Co. Geo. S. King was the

[Bell *v.* Faber.]

manager of both firms. The contract upon which this suit was brought was made and delivered by John Bell, in the name of "John Bell & Co.," with the knowledge and assent of Geo. S. King. Dr. Shoenberger had no knowledge of the transaction. In the note was included a firm debt of $39.66. The remainder was an individual debt.

. The court below charged the jury that if Geo. S. King was the acting and managing partner in both the firms of Geo. S. King & Co. and J. Bell & Co., and if he gave his assent to the giving of the note by John Bell, in the name of J. Bell & Co., to the Fabers, such assent on the part of King will be sufficient to render both King and Shoenberger liable to the action, under all the circumstances, if established to their satisfaction.

This was the error complained of by defendants.

*A. W. Loomis,* for plaintiffs in error, referred to *Baird* v. *Cochran,* 4 S. & R. 397; *Noble* v. *McClintock,* 2 W. & S. 152; *Park* v. *Smith,* 4 S. & R. 288; *Sutton* v. *Irvin,* 12 S. & R. 15; *Livingston* v. *Roswell,* 4 Johns. 261.

*J. E. Brady,* for defendants in error referred to *Tanner* v. *Hall and Easton,* 1 Barr, 418; 2 Bouvier's Inst. 104; *Ex parte Bonbonus,* 8 Ves. 540; *Ridley* v. *Taylor,* 13 East, 175; Story on Part. secs. 132, 133; Bissett on Part. 67, 71, 76, 77; *State et al* v. *Cattskill Bank,* 18 Wend. 466; *Bond* v. *Gibson,* 1 Campbell, 185.

The opinion of the court was delivered Sept. 22, 1853, by

Lewis, J.—The authority of partners is limited to the business of the partnership, and the acting partner, like others, is confined within the same limit. It is no part of the business of a partnership to incur liabilities for the debts of third persons, unless such liabilities are incurred in the course of the necessary transactions of the firm.

One partner cannot make the firm liable for a note of $571.34, given by him for his own individual debt, or for the debt of a stranger, by including in the consideration a trifling debt of $30 or $40, which the firm were bound to pay. Such an act is not within the limit of his authority. It would avail but little to set bounds to the authority of partners, if they might make each other liable for millions, in no way connected with the partnership business, by including in the transaction a few dollars for which the firm was bound.

Neither Bell nor King, nor both of them together, can bind Shoenberger for the debt due by Moore & Wigton to F. & W. M. Faber. Neither the note given by Bell, nor the letter of the 4th December, 1849, written by King, can make Shoenberger liable

[Clark *v.* Clark.]

without his consent. We see no evidence of his assent, nor are there any circumstances in the case to dispense with it. The plaintiffs below are not innocent holders of negotiable paper, without notice of the consideration. They were perfectly aware of the fact that their claim was upon Moore & Wigton, and that the note in the partnership name of the plaintiffs in error was not given in the regular course of the partnership business. Under such circumstances, it was the duty of the plaintiffs below to see that the note was signed with the consent of all the partners.

The seventh point of the plaintiffs in error ought to have been answered in the affirmative. We see no other error in the proceedings.

Judgment reversed, and *venire facias de novo* awarded.